## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GREGORY SYLVESTER TAYLOR, JR.,** * | |
| * | |
| Petitioner, * | |
| * | |
| v. * | Criminal Case No. RWT-10-297 |
| * | Civil Action No. RWT-13-3816 |
| **UNITED STATES OF AMERICA,** * | |
| * | |
| Respondent. * | |

### MEMORANDUM OPINION

Pending is Petitioner Gregory Sylvester Taylor, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Upon review of the papers filed, and for the reasons stated below, the Court will deny Taylor's Motion.

### BACKGROUND

Between December 2009 and April 2010, Taylor held up four separate banks in Prince George's County, Maryland. ECF No. 47-1 at 1. Taylor was charged with five counts of entering a financial institution with intent to commit larceny in violation of 18 U.S.C. § 2113. ECF No. 9.

Having initially refused counsel, ECF No. 5, Taylor launched an assault on the docket of the Court through numerous filings indicative of a "flesh-and-blood" or "sovereign citizen" defense.[1] *E.g.* ECF No. 13 ("'I demand an appearance bond or a personal recognizance bond be issued forthwith, and respectfully demand a waiver of the fees and costs, so I can appear and plea

---

[1] For the uninitiated, the flesh-and-blood defense is a challenge to the jurisdiction of courts asserted by criminal defendants based on a fundamental misunderstanding of the Constitution, the Fourteenth Amendment, history, and a bizarre conflation of criminal and civil law. *See generally United States v. Mitchell*, 405 F. Supp. 2d 602, 603-06 (D. Md. 2005). The defense has been rejected everywhere it has been put forth, rooted as it is in nonsense. *Id.* at 604-05.

to the charges during which I will stipulate to all the facts and accept and return the same for full settlement and closure in the transaction.'"). Between June 21, 2010 and December 13, 2010, Taylor made at least nine filings with the Court in his criminal case, all of which were nonsensical and without merit.[2] Taylor also filed a number of frivolous civil lawsuits during this time period, all of which advanced similar flesh-and-blood "claims."[3]

In the interim, counsel was appointed for Taylor, ECF No. 36, and he pled guilty on December 13, 2010. ECF No. 46. He was sentenced to 63 months of imprisonment on March 3, 2011. ECF No. 54. The Court enhanced Taylor's offense level for obstruction of justice due to the numerous frivolous motions and lawsuits he filed.[4] Taylor filed a notice of appeal through counsel on March 15, 2011.[5] ECF No. 56. Taylor also filed a number of § 2255 motions *pro se* during the pendency of his appeal, all of which were dismissed without prejudice for being premature. ECF Nos. 69, 80, 92. The Fourth Circuit affirmed this Court on February 8, 2013. ECF No. 106.

Petitioner filed the instant petition on December 16, 2013.[6] ECF No. 115. The following are the "grounds" that form the basis of his petition, presented verbatim (errors and capitalization as in original):

> Ground One: MISAPPLICATION OF STATUE
> Supporting Facts: I am applying LAWS to SOCIETY for Grounds of dealing with said LEGAL CASE as it applies to said party, not for confrontation means

---

[2] ECF Nos. 14, 22, 23, 26, 38, 39, 40, 41, 45.
[3] *Taylor v. United States District Court*, Case No. 10-cv-1770-RWT; *Taylor v. Clifton T. Perkins Hospital Center, et al.*, Case No. 10-cv-1771-RWT; *Taylor v. Calhoun*, Case No. 10-cv-1783-RWT; *Taylor v. The Gazette Newspaper*, Case No. 10-cv-1784-RWT; *Taylor v. Taylor*, Case No. 10-cv-2054-RWT; *Taylor v. Warden*, Case No. 10-cv-2002-RWT. This is just a sampling of the civil cases Taylor filed.
[4] Pursuant to the plea agreement, the government did not request this enhancement.
[5] Taylor's plea agreement allowed him to appeal any sentence in excess of 10 months. ECF No. 47 at 5.
[6] Also pending is a Motion for Speedy Disposition for Habeas Corpus. ECF No. 119. Given that Taylor's petition is being disposed of by this Opinion, that motion will be denied as moot.

>Ground Two:  MISAPPLICATION OF STATUE
>Supporting Facts:  WAS NOT GIVEN DISCOVERY, PROPERTY TO CASE, as to its application, INJURY NON-RESPONSE.
>
>Ground Three:  MISAPPLICATION OF STATUE
>Supporting Facts:  INJURY, NON-RESPONSE
>
>Ground Four:  MISAPPLICATION OF STATUE
>Supporting Facts:  INJURY, NON-RESPONSE

*Id.*

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## ANALYSIS

While taking Taylor's guilty plea, the Court advised Taylor, at his request, about the nature of the "flesh-and-blood" defense he was presenting and about its uselessness as a viable legal theory.  ECF No. 65 at 3-6, 10-12.  Taylor, to his detriment in this proceeding, seems not to have heeded those words.  The grounds underlying Taylor's petition are nothing more than a nonsensical string of words that fail to form a coherent thought.  Not only does Taylor fail to provide any detail whatsoever to explain what his right to relief under § 2255 is, but he fails to

give this Court any basis for reviewing whatever claims he thinks he may have.  Prisoners receive a limited number of bites at the post-conviction review apple, and Taylor has wasted one of his putting forth frivolous legal "concepts" the Court cannot ascertain.  Taylor has utterly failed to demonstrate any right to relief, and his petition will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Taylor may not appeal this Court's order denying his relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability.  *United States v. Hardy*, 227 Fed. App'x. 272, 273 (4th Cir. 2007).  A certificate of appealability will only issue if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed App'x. at 273.  A petitioner "satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

Here, the Court has reviewed Taylor's claims.  Taylor has failed to raise a cognizable § 2255 claim in which a reasonable jurist could find merit, or indeed which a reasonable jurist could even understand, and thus no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Taylor's petition will be dismissed, and no certificate of appealability shall issue.  A separate Order follows.

Date:  May 18, 2015

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE